[No. 24109. Department One. March 9, 1933.]

ENEK GREENKEVICH, *Appellant,* v. EVA VAIVADOS *et al., Respondents,* JOHN GARLOW *et al., Defendants.*[1]

*Edward H. Chavelle,* for appellant.

*Cyril D. Hill,* for respondents.

[1]Reported in 19 P. (2d) 939.

MITCHELL, J.—Prior to the commencement of this action, Enek Greenkevich became the owner of lot 1, block 2, McNaught's Third Addition to the city of Seattle. The lot and streets around it and in the immediate vicinity are on a rough hillside, overgrown with trees and brush. The streets near the lot have not been cleared, graded, or graveled. Some years ago, a person, not the owner of the lot, upon procuring a building permit from the city, constructed a small house, or shack, intending to put it on the street, but, not knowing the precise location of the property line, constructed it slightly on lot one. He and his successors in interest occupied the house, controlled it and conveyed it by bills of sale, treating it as personal property. Through such a conveyance, it was finally acquired by Eva Vaivados, one of the defendants, who owned it at the date of the commencement and of the trial of this action. She had arranged to have the building moved to a lot nearby, owned by her, and for that purpose defendant J. R. Gillespie was employed. He took his housemoving tools and equipment to the premises for the purpose of moving the house. About that time, the plaintiff, by a survey of the premises, ascertained that the building was slightly on his lot one. He then commenced injunction proceedings against defendants to restrain the removal of the building, and, while a restraining order was outstanding against the defendants, the plaintiff moved the house over on his lot and permanently annexed it thereto upon a concrete foundation.

Issues were framed between the parties. Eva Vaivados demanded judgment for the reasonable value of the house converted by the plaintiff; also, for loss of the use of the house after the restraining order and before the removal of the house by the plaintiff. J. R. Gillespie demanded judgment for his expenses

preparing to move the house. The trial resulted in findings of fact, upon which conclusions and judgment were entered against the plaintiff in favor of Eva Vaivados and J. R. Gillespie. The plaintiff has appealed.

The evidence in the case clearly preponderates in favor of the findings of fact, which, in substance, are as follows: In 1917 and prior thereto, one Ole Hanson was the owner of the lot, and, by reason of unpaid taxes thereon for the years 1918 to 1926, it was sold to the county on April 30, 1927. There was no assessment of any improvement on the property. After the tax sale, the title to the real property was held by King county until November 21, 1928, when it was conveyed to one Alfred Mahoney, who, on November 24, 1928, conveyed it to the plaintiff herein.

About 1919, one Jack Katkoff built the small house involved in the controversy on Grand street and Tenth avenue south in the city of Seattle, intending to erect the building entirely within the streets, not meaning to annex the same to the real property, but with the idea that it should be removed. He lived in the house for two or three years, and, by bill of sale, conveyed it to one John Garlow, who took possession of the house and lived in it for a while, and thereafter rented it out to various persons. The house was never assessed as an improvement on the lot. On January 10, 1929, John Garlow sold and delivered the house, by bill of sale, to the respondent Eva Vaivados, describing the house as a certain movable house, including woodshed, at 1738 Tenth avenue south in the city of Seattle, King county, Washington. At no time did the owners of the house have any intention of annexing, nor did they annex, the same to the real property, but at all times considered and intended that the same should

be personal property, the house merely resting upon temporary posts and blocks as a foundation.

Appellant, by a survey in January, 1929, ascertained that the house encroached upon the south side of his lot about two and one-half to three and one-half feet. The respondents, after this action was commenced, were restrained by injunction from moving or molesting the house, pending the outcome of the action, and some months thereafter the appellant moved the house from the street and placed it upon a concrete foundation on his lot as an improvement, thereby making and intending to make it a part of the realty. The respondent Eva Vaivados, upon purchasing the house, made arrangements so that the respondent J. R. Gillespie was to move it to a lot she owned about a block distant, and he prepared to move the house, assembling tools and equipment for that purpose. At that time, the house was of the reasonable value of $350, and the rental value of the house during the time the owner was deprived of it was of the reasonable value of $100, in which amounts respondent Eva Vaivados was damaged. The respondent J. R. Gillespie was damaged in the sum of $55, the reasonable costs of assembling and removing his implements and machinery for the purpose of moving the house.

As to the building, the case is governed by *Hall v. Dare,* 142 Wash. 222, 252 Pac. 926, 50 A. L. R. 635, wherein we reaffirmed the doctrine of *Filley v. Christopher,* 39 Wash. 22, 80 Pac. 834, 109 Am. St. 853, as follows:

"The true criterion of a fixture is the united application of these requisites: (1) Actual annexation to the realty, or something appurtenant thereto; (2) application to the use or purpose to which that part of the realty with which it is connected is appropriated; and (3) the intention of the party making the annexation to make a permanent accession to the freehold."

. Applying the rule, the house in this case never became a part of the realty.

The use of the house of which the owner was deprived for a considerable period of time was shown by the clear weight of the evidence to have been of the reasonable value of $100, the amount allowed in the judgment. Damages in the sum of $55 awarded to Gillespie are well within the preponderance of the evidence. Upon the whole record, the evidence preponderates in favor of the findings of fact, which in turn support the judgment.

Affirmed.

BEALS, C. J., PARKER, HOLCOMB, and MILLARD, JJ., concur.